Benko v. Lenard, 191 Ill. App. 600.

## Abstract of the Decision.

1. CONTRACTS, § 372*—*when evidence sufficient to establish agreement for sale of automobile.* In an action to recover on an agreement alleged to have been made for the sale of plaintiff's automobile, where the plaintiff's evidence as to the agreement is not only substantially uncontradicted, except in so far as it is weakened by the fact that in his letters to defendant, subsequent to the date of the alleged agreement, in which he undertook to state the circumstances of the transactions between them, plaintiff made no mention of such an agreement, but there are other facts tending to support his contention, and defendant's evidence contains no definite denial of plaintiff's evidence of the circumstances of the making of the agreement, a verdict for the plaintiff will not be disturbed.

2. SALES, § 17*—*when consideration sufficient.* Where plaintiff purchased from defendant an automobile which was manufactured the year before, paying part of the price in cash and giving his notes due in one year for the balance, and defendant gave him the same guaranty for the car as was given for its cars for the current year, either the payment of the notes before due or release by plaintiff of defendant's guaranty would be sufficient consideration to support an agreement by defendant to sell the car for plaintiff for a minimum price and apply the proceeds to the cancellation of plaintiff's notes and pay him the balance.

3. APPEAL AND ERROR, § 1466*—*when admission of evidence in corroboration not error.* Even though certain evidence tending to prove the consideration for a contract may not be competent, its admission is not error where plaintiff has testified fully to the same fact without objection.

BROWN, P. J. dissenting.

---

## Frank Benko, Defendant in Error, v. Kate Lenard, Plaintiff in Error.

### Gen. No. 20,613.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Action by Frank Benko, plaintiff, against Kate Lenard, defendant, to recover two hundred dollars paid by plaintiff to defendant as earnest money upon a contract for the purchase and sale of real estate. The contract ·is in part as follows:

"THIS MEMORANDUM WITNESSETH, That Kate Lenard hereby agrees to sell, and Frank Benko agrees to purchase at the price of Eighteen Thousand Dollars, the following described real estate, situated in Cook County, Illinois.

(Here is given description of the property.)

"Said purchaser, Frank Benko, has paid Two Hundred ($200.00) Dollars as earnest money, to be applied on said purchase when consummated, and agrees to pay the sum of Seventeen Thousand Eight Hundred ($17,800.00) Dollars, sixty days after the date hereof, provided that the said Kate Lenard at that time delivers to him a good and sufficient Warranty Deed with release of dower, conveying to said purchaser a good title to said premises, and upon the further condition that the abstract of title to said premises shows a good title.

"A complete Abstract of Title or merchantable copy to be furnished within a reasonable time, with a continuation thereof brought down to this date. In case the title upon examination is found materially defective within ten days after said Abstract is furnished, then unless the material defects be cured within a reasonable time after written notice thereof, the said earnest money should be refunded to the said Frank Benko, and in addition to said earnest money the said Kate Lenard shall pay to him, the amount of his expenditures and loss that he has sustained by reason of this contract.

"Should said purchaser fail to perform this contract promptly ·on his part, at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall be and become null and void.

Time is of the essence of this contract, and of all the conditions thereof.

"IN TESTIMONY WHEREOF, said parties hereto set their hands this 8th day of June, A. D. 1912.

Kate Lenard,<br>Frank Benko."

The evidence showed that defendant brought the abstract to the attorney in whose office the contract was drawn and that it remained there until after the expiration of the sixty-day period. After the period expired, defendant tendered a warranty deed to plaintiff who declined to receive it and demanded the return of the earnest money.

Judgment for plaintiff for two hundred dollars was rendered and to reverse this judgment, defendant sues out this writ of error.

BURRES & ST. GEORGE, for plaintiff in error; MAXIMILIAN J. ST. GEORGE, of counsel.

THOMAS J. PEDEN and ROY C. MERRICK, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to establish relation.* Evidence examined in action to recover earnest money paid upon a contract for the purchase and sale of real estate and *held* to warrant a finding that the attorney drafting the contract was acting as defendant's agent.

2. VENDOR AND PURCHASER, § 121*—*when delivery to vendor's agent not delivery to purchaser.* Delivery of an abstract of title by the vendor of the land to such vendor's agent does not constitute a delivery to the purchaser.

3. VENDOR AND PURCHASER, § 121*—*when tender of warranty deed does not cure default in giving abstract of title.* Where a contract for the purchase and sale of realty provides that an ab-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

stract of title shall be delivered to the purchaser in a reasonable time and that it shall show a good title and that the vendor shall deliver a warranty deed sixty days after the date of the contract, a tender of the deed after the expiration of the sixty-day period and while the vendor is in default as to the abstract is insufficient where the purchaser demanded a return of the earnest money and showed his intention to rescind.

**Elmer S. Eppstein, Defendant in Error, v. M. & M. Hotel Company, Plaintiff in Error.**

**Gen. No. 20,628.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

**Statement of the Case.**

Action by Elmer S. Eppstein, plaintiff, against M. & M. Hotel Company, a corporation, defendant, to recover judgment for clothes and a handbag alleged to have been stolen from plaintiff's room in defendant's hotel.

Defendant's contention was that plaintiff was a permanent lodger and not a transient guest and that therefore it was not to be held to the liability of an innkeeper but that its relation was merely that of lodging house keeper.

On the submission to the jury of a special interrogatory embodying this issue, it found that plaintiff was not a permanent lodger and judgment was rendered for plaintiff. To reverse this judgment, defendant prosecutes this writ of error.